**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
PO Box 7
Bly, Oregon 97622
Phone 541.359.2827
Facsimile 866.503 8206
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| MARTA THOMPSON, | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | EQUAL CREDIT OPPORUNITY ACT (15 |
| | § | U.S.C § 1691 *et. seq.*), OREGON AND |
| vs. | § | ARKANSAS STATE LAW CLAIMS |
| | § | |
| WESTLAKE FINANCIAL SERVICES, | § | |
| AND LUXURY CARS, INC. | § | |
| | § | |
| Defendants. | § | DEMAND FOR JURY TRIAL |

# PLAINTIFF'S ORIGINAL COMPLAINT
# AND JURY TRIAL DEMAND

Plaintiff, MARTA THOMPSON files this Original Complaint and Jury Demand complaining of Defendants WESTLAKE FINANCIAL SERVICES and LUXURY CARS. This action is filed under the Equal Credit Opportunity Act ("E.C.O.A"), 15 U.S.C § 1691 *et seq*. Plaintiff alleges as follows.

## PARTIES

1. Plaintiff Marta Thompson is an Oregon citizen and resident of Jackson County, Oregon.

2. Defendant WESTLAKE FINANCIAL SERVICES ("Westlake") is a California company registered to do business in Oregon. Their principal place of business is 4751 Wilshire BLVD STE 100, Los Angeles, CA 90010. However Westlake does not maintain a registered agent and may be served with process by serving their authorized representative Ian Anderson, 4751 Wilshire Blvd STE 100, Los Angeles, CA 90010 through the Oregon Secretary of State, Corporation Division-Process Service, 255 Capitol Street NE, Suite 151, Salem, OR 97301-1327. Counsel will also directly mail a copy to the listed foreign registered agent.

3. Defendant LUXURY CARS ("Luxury") is an Arkansas foreign company who maintains its principal place of business as 1120 South 8th Street, Rogers, AR 72756. Though there is a "Luxury Cars, Inc." registered in Oregon it is not the same company. Luxury is not registered to do business in Oregon and does not maintain a registered agent within the state. In its Arkansas business filings, Luxury lists its registered agent as Pat Schen, 61120 South 8th Street, Rogers, AR 72756 and may be served with process by serving their authorized representative through the Oregon Secretary of State, Corporation Division-Process Service,

255 Capitol Street NE, Suite 151, Salem, OR 97301-1327.  Counsel will also directly mail a copy to the listed foreign registered agent.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this case under 15 U.S.C. § 1691e(f) and the doctrine of pendent jurisdiction for the other Oregon claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant Westlake is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) Defendant Westlake transacts business in the State and in the District because it enters into contracts with residents of the District; (iii) Defendant Westlake further transacts business in the State and in the District because it is in the business of extending credit in the District; (iv) Defendants Westlake and Luxury have committed illegal acts in the District by violating the E.C.O.A., Defendant Luxury has committed illegal acts in the District by repossessing the car, failing to account for the trade-in of Plaintiff, and failing to engage in contractually agreed to mediation in Oregon, and (v) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

6. Westlake is in the business of extending credit to individuals for the purchase, finance or re-finance of automotive loans.  Westlake accessed Plaintiff's credit report on or about March 21, 2014 for the purpose of financing a vehicle she purchased from Luxury in Rogers Arkansas.  Another credit pull was made at or near the same time by Luxury.

7. While purchasing a 2008 Chevrolet Avalanche in March of 2014, Plaintiff filled out a credit authorization form to allow her credit to be pulled.  Plaintiff was told her loan was approved

and that her car was financed. Plaintiff took her car and began her move to Oregon. Prior to the first payment becoming due, Plaintiff was rejected for financing by Westlake, allegedly because of her move to Oregon. Nothing in her contract required that the vehicle remain in Oregon, only that Plaintiff not remove the vehicle from the United States. Thereafter Luxury sent an agent to repossess the car in Oregon. Plaintiff did not learn that she was denied on her credit application until she was told by Luxury Cars that they were repossessing the vehicle.

8. Despite the denial of credit by Westlake and Luxury, Plaintiff was not sent an adverse action letter by either. As of the date of the filing of this complaint no adverse action letters have been received by Plaintiff by either entity.

9. After the car was repossessed by Luxury, Plaintiff was never sent a breakdown of the sale of the vehicle at auction. Plaintiff's 1997 Pontiac Grand Am used as a trade in was never returned, or accounted for by Luxury.

10. Plaintiff initiated an arbitration through AAA as required by her contract with Luxury. Despite being transmitted the paperwork, Luxury refused to engage in arbitration as required by contract. The contract required that said arbitration be held within the federal district in which the Plaintiff resided. Luxury, through their attorneys, contacted Plaintiff's counsel several times, and refused to participate in arbitration.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

11. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

12. Plaintiff is an applicant as defined by 12 CFR §1002.2(e). Further, Plaintiff submitted an application to Defendants as defined by 12 CFR §1002.2(f). The application submitted was compete as defined by 12 CFR §1002.9(c).

13. Defendants are both creditor(s) as defined by 12 CFR §1002.2(l). Both Defendants did hard pulls on Plaintiff's credit during the application for a loan on the vehicle.

14. The failure of Defendants to provide to Plaintiff written notice for each and every denial of credit to Plaintiff for each application submitted to Defendants or a third party and to provide the disclosures mandated by 15 U.S.C § 1691(d)(2)(b) and 12 CFR §1002.9(a) and thus violated the E.C.O.A.

15. As a result of the above alleged E.C.O.A. violations, Plaintiff has suffered substantial actual damages in the loss of her rights to determine the basis for credit denial, her loss of the credit itself, frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish.

16. As a result of the above E.C.O.A. violations, Defendants are liable to Plaintiff for her actual damages pursuant to 15 U.S.C. § 1691e(a), for punitive damages of $10,000.00 against Defendant pursuant to 15 U.S.C. § 1691e(b) and for attorneys' fees and costs pursuant to 15 U.S.C. § 1691e(d).

17. Plaintiff is also entitled to equitable relief against Defendants requiring delivery of compliant notices in all future instances.

**SECOND CAUSE OF ACTION FOR UNLAWFUL TRADE PRACTICES (ORS 646.608) AGAINST DEFENDANT LUXURY—MISREPRESENTATION OF DISPUTE RESOLUTION PROCESS**

18. Plaintiff re-alleges paragraphs 1-17, and incorporates them as if repeated here.

19. Despite Plaintiff's attempts to initiate arbitration through American Arbitration Association (AAA) in the Federal District where she resides, Defendant Luxury refused to arbitrate this matter and failed to pay the required arbitration fee.  Because Luxury refused to pay the arbitration fee, AAA dismissed the arbitration.

20. Due to the willful failure to participate in the arbitration forum they required, Plaintiff has incurred and will incur additional attorney fees and costs in bringing this action to judgment.

21. Defendant Luxury has willfully and maliciously violated ORS 646.608(1)(e) by its conduct.

22. By failing to arbitrate this matter, Luxury has willfully and maliciously violated OAR 137-020-0020(3)(p), thereby also violating ORS 646.608(l)(u).

## THIRD CAUSE OF ACTION FOR ARKANSAS DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANT LUXURY

23. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 22 above.

24. ARK. CODE ANN. §4-88-101 through 115 (Arkansas Deceptive Trade Practices Act "ADTPA"), sets forth the Arkansas statutory program prohibiting deceptive and unconscionable trade practices.

25. The business practices of Defendant Luxury constitute the sale of "goods" or "services" within the meaning of ARK. CODE ANN. §4-88-102(4) and (7).  The same business practices constitute business, commerce, or trade within the meaning of ARK. CODE ANN. §4-88-107.

26. ARK. CODE ANN. §4-88-107(a)(1) provides that it shall be unlawful to "knowingly make a false representation as to the characteristics, uses, benefits… of goods or services …" Luxury has engaged in prohibited conduct by misrepresenting the conditions of sale of the

vehicle purchased by Plaintiff. Luxury has further misrepresented to Plaintiff what would happen with her trade vehicle during the sale of the 2008 Chevrolet Avalanche.

27. ARK. CODE ANN. §4-88-107(a)(10) provides it shall be unlawful to engage in unconscionable, false, or deceptive acts or practices in business, commerce, or trade. Luxury has failed to provide an accounting for either the 2008 Chevrolet Avalanche they repossessed or for the Plaintiff's trade vehicle which was never returned to her. These are deceptive and unconscionable trade practices prohibited by ARK. CODE ANN. §4-88-107(a)(10).

28. ARK. CODE ANN. §4-88-108 prohibits the use of concealment, suppression, or omission of any material fact in the connection with the sale or advertisement of any goods or services. Luxury has engaged in prohibited conduct by intentionally failing to inform Plaintiff of stipulations they purport to have placed upon financing but which were not in the documentation provided to Plaintiff. Luxury has further engaged in prohibited conduct by failing to inform Plaintiff of material facts concerning what would happen to the trade vehicle if financing fell through.

## **PRAYER**

WHEREFORE, Plaintiff requests that the Defendant be cited to appear and answer in this action and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendant as follows:

1) On her first claim for relief against Defendants for violations of the ECOA :
    a. Economic Damages in an amount to be determined by the jury as to each Defendant;

    b.    For punitive damages in the amount of up to $10,000.00 pursuant to 15 U.S.C. § 1691e(b) from each Defendant; and

    c.    attorney fees and costs;

    d.    any and all other relief the Court deems just and equitable;

2) On her second claim for relief against Defendant Luxury for violations of the Oregon Unlawful Trade Practices act:

    a.    Actual damages or statutory damages in the amount of $200, whichever is greater;

    b.    Attorney fees and costs;

    c.    Any and all other relief the Court deems just and equitable.

3) On her third claim for relief against Defendant Luxury for violations of the Arkansas Deceptive Trade Practices Act:

    a.    Actual damages;

    b.    Attorney fees and costs;

    c.    Any and all other relief the Court deems just and equitable.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted,

By: /s/ Bonner C. Walsh
Bonner C. Walsh, OSB #131716
WALSH LLC
PO Box 7
Bly, OR 97622
TEL   541.359.2827
FAX   866.503.8206
**ATTORNEY FOR PLAINTIFF**