IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MARTA THOMSPON**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**LUXURY CARS, INC.**, a foreign corporation,<br><br>Defendant. | Civ. No. 1:15-cv-00453-CL<br><br>**REPORT AND RECOMMENDATION** |

CLARKE, Magistrate Judge.

This matter comes before the Court on a motion to dismiss for lack of personal jurisdiction, filed by Defendant Luxury Cars, Inc. (#11). In the alternative, Defendant moves to dismiss for improper venue or transfer to a proper venue. Further, Defendant moves to dismiss Plaintiff's second claim because the complaint fails to state a claim and the suit is not filed in the appropriate court, pursuant to OR. REV. STAT. § 646.638(1) and 645.605(1). In response, Plaintiff moves to compel arbitration (#17). Defendant's motion to transfer is GRANTED.

## BACKGROUND

In March 2014, Plaintiff Marta Thompson traded in her 1997 Pontiac Grand Am to purchase a 2008 Chevrolet Avalanche from Defendant Luxury Cars, Inc. in Rogers, Arkansas.

At the time, Westlake Financial Services ("Westlake") preliminarily approved Plaintiff's financing. Subsequently, Plaintiff moved to Oregon and Westlake denied Plaintiff's loan application. Thereafter, Defendant hired a third party to repossess the car.

The complaint contains three claims. First, Plaintiff alleges that Defendant Luxury Cars, Inc. (1) violated the Equal Credit Opportunity Act ("ECOA") by failing to provide Plaintiff written notice that Westlake denied her application for credit; (2) engaged in unfair business practices by refusing to enter into arbitration discussions in Oregon; and (3) violated Arkansas Deceptive Trade Practices Act by misrepresenting the terms of the sale and the arbitration clause.

## LEGAL STANDARD

Under Fed. R. Civ. Proc. 12(b)(2), a district court cannot adjudicate a claim if it lacks personal jurisdiction over a non-resident defendant. Federal courts' power to exercise personal jurisdiction rest on two independent considerations. Data Disc, Inc. v. Sys. Tech. Associates, Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). First, personal jurisdiction must accord with applicable state law that confers personal jurisdiction over Defendant. Id. Second, courts must satisfy due process requirements. Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). Plaintiff bears the burden to show that Defendant made sufficient contact with the forum state through purposeful availment of the state's benefits and the protections of its laws and that the claim arises out of Defendant's forum-related activities. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Then, the burden shifts to Defendant to show that an exercise of personal jurisdiction is unreasonable under traditional notions of fair play and substantial justice. Id. at 802.

When courts base their decisions on affidavits as opposed to evidentiary hearings, plaintiffs "need only make a prima facie showing of jurisdictional facts." Id. at 800. Generally,

courts credit plaintiffs' uncontroverted allegations as true. Id.  Further, courts resolve contradicted statements in favor of plaintiffs. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).

## DISCUSSION

### I. The Court lacks personal jurisdiction over the defendant.

The Court looks to the forum state's laws to determine if it has the statutory authority to exercise jurisdiction over a foreign corporation when no applicable federal statute exists. Fed. R. Civ. Proc. 4(k)(1)(A); Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008).  Oregon's long-arm statute confers personal jurisdiction to the extent allowed by due process.  Or. R. Civ. P. 4(L); Triangle Fabricators, Inc. v. Forward Indus., Inc., 866 F. Supp. 467, 470 (D. Or. 1994). Therefore, due process governs the limits of the Court's ability to exercise personal jurisdiction.

The Ninth Circuit resolves specific personal jurisdiction disputes through a three-pronged test that relies on whether: (1) Defendant purposefully avails itself of the forum, (2) the claims arise out of Defendant's forum-related activities, and (3) the exercise of personal jurisdiction is reasonable. Schwarzenegger, 374 F.3d at 802.

First, Defendant purposefully availed itself of Oregon.  Defendant need not physically enter Oregon to establish purposeful availment. Schwarzenegger, 374 F.3d at 803.  Here, Defendant only conducts business in Arkansas and does not direct advertisements or its solicitations to Oregon consumers. Decl. Brad Gorges (#12-2).  Customarily, if no material contract term specifically anticipates Oregon-related activities, Oregon courts cannot exercise personal jurisdiction on the basis of the contract alone. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 817 (9th Cir. 1988).  However, Defendant's affirmative conduct to hire a third-party to transport goods into or out of the forum can invoke the benefits and protections of the forum's

laws. Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp., 633 F.2d 155, 159 (9th Cir. 1980). Defendant's affirmative conduct to repossess a vehicle in Oregon is sufficient to show Defendant has more than random or fortuitous contacts with the forum. Therefore, because ambiguities are resolved in favor of Plaintiff, the Court finds Defendant purposefully availed itself of Oregon.

Second, Plaintiff's claim does not arise out of its forum-related activities. The Ninth Circuit applies a "but for" test to determine whether Defendant's forum-related activities and Plaintiff's claims are sufficiently related. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiff must show that her claims would not have arisen but for Defendant's conduct.

Here, Defendant's decision to repossess a vehicle is too attenuated from its failure to notify Plaintiff that her loan application was rejected. Even if Defendant did not repossess the vehicle, Plaintiff could pursue her EOCA claim. The EOCA, 15 U.S.C. § 1691(d)(6), defines "adverse action" as the "denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit." Further, the regulations clarify that adverse action specifically excludes "any action…taken in connection with inactivity, default, or delinquency." 12 C.F.R. 202(c)(2)(ii). In other words, the claim cannot be based on repossession activity, but instead, is based on the actual denial or revocation of credit.

Similarly, in her second and third claim for relief, Plaintiff alleges that Defendant violated ORS §646.608(1)(e) by failing to participate in arbitration in Oregon and the Arkansas Deceptive Trade Practices Act by making misrepresentations or omissions during the sale of the vehicle in Arkansas. Neither of these claims arises out of Defendant's one contact with the forum state: the repossession of the vehicle. If Plaintiff had asserted a claim that Defendant illegally repossessed the vehicle, the outcome here may be different. Because Defendant's

repossession is irrelevant to all three of Plaintiff's claims, the litigation does not arise out of Defendant's forum-related contacts.

Because Plaintiff failed to meet her burden to show that specific personal jurisdiction exists over her claims, the Court does not need to address the reasonableness of asserting personal jurisdiction. The Court is unable to adjudicate the present case without violating Defendant's due process rights.

## II.     Transfer

Under 28 U.S.C. § 1404(a), the Court has discretion to transfer the case to the Western District of Arkansas, Fayetteville Division, so long as Plaintiff could have initiated litigation there in the first place. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In deciding to grant motions to transfer, courts make individualized considerations of convenience for the parties and witnesses and in the interest of justice. Id.

> The court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

Here, transfer is appropriate because Plaintiff could have originally brought her claims to the Western District of Arkansas. That court has personal jurisdiction over Defendant, since it is registered as a corporation there. Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1200 (8th Cir. 1990). Further, venue is appropriate, since it is where Defendant resides. 28 U.S.C. § 1391(b)(1).

Defendant meets the strong showing required to transfer this case under the Court's discretionary factors. First, parties negotiated and signed their sale contract in Arkansas. #11-8.

Secondly, Plaintiff's claim under the Arkansas Deceptive Trade Practices Act is more substantive than the claim under Oregon's unlawful trade practices statutes for Defendant's failure to arbitrate, which is more of a procedural violation. Pl. Compl. (#1-6).  Therefore, on balance, Arkansas courts are more familiar with the governing law of the dispute.  Third, Plaintiff's choice of forum warrants deference, but is not binding, as here Plaintiff is unable to subject Defendant to the Court's jurisdiction.  Fourth, whereas Defendant has only one instance of contact with Oregon, both Plaintiff and Defendant have significant contacts in Arkansas.  During contract negotiations, which took place in Arkansas, Plaintiff represented that she was an Arkansas resident.  #12-1.  Fifth, as explained above, Defendant's one contact with Plaintiff's chosen forum is irrelevant to Plaintiff's cause of action.  Sixth, the costs of litigation weigh in favor of transferring to Arkansas, since Defendant's witnesses and current and former employees are based there.  Seventh, the Arkansas courts' ability to compel an unwilling witness weighs in favor of transferring.  Eighth, access to proof is not weighed heavily, since the Court anticipates most evidence is likely documented and easily transported.

A court with appropriate jurisdiction should consider Defendant's motions to dismiss and Plaintiff motion to compel arbitration.  Defendant rightfully points out that the Federal Arbitration Act does not grant all district courts with power to compel arbitration absent personal jurisdiction. Def. Response to Alt. Mot. to Compel Arb. (# 20-1).  Instead, Congress only provides the power to compel arbitration to courts that "would have jurisdiction." Federal Arbitration Act, 9 U.S.C. § 4 (2015).

## RECOMMENDATION

Because this court lacks personal jurisdiction, Defendant's motions to transfer to the Western District of Arkansas, Fayetteville Division should be granted.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 4th day of September, 2015.

_____
MARK D. CLARKE
United States Magistrate Judge